**XUE MEI SONG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3841–AG.**

United States Court of Appeals, Second Circuit.

March 28, 2006.

Karen Jaffe, New York, New York, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Jim Letten, United States Attorney for the Eastern District of Louisiana, Irene Gonzales, Assistant United States Attorney, New Orleans, Louisiana, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 28th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Xue Mei Song petitions for review of the Board of Appeals' ("BIA") decision of June 2004 dismissing her appeal of the immigration judge's ("IJ") order denying her motion to reopen her removal proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the denial of a motion to reopen removal proceedings for abuse of discretion. *See Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the decision under review "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory

---

Gonzales is automatically substituted for former Attorney General John Ashcroft.

statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) *(per curiam )*; *Ke Zhen Zhao,* 265 F.3d at 93 (internal citations omitted).

A petition for review challenging an order entered *in absentia* is "confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D). An *in absentia* removal order may be rescinded if, within 180 days after entry of the order, the alien moves to reopen and can demonstrate, among other things, that his failure to appear was because of exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i). Exceptional circumstances include circumstances beyond the control of the alien, such as "serious illness of the alien," but do not include "less compelling circumstances." 8 U.S.C. § 1229a(e)(1).

In this case, assuming that Song's supporting documentation is authentic and Song was in fact ill from April 2003 to May 2003, such evidentiary support does not address Song's absence from the March 13, 2003 hearing. As such, Song's argument that her illness constituted "exceptional circumstances" beyond her control as required by the INA, is without merit. Additionally, as the BIA pointed out, Song made no effort to contact the INS prior to the hearing date of her illness or her inability to attend the proceedings. Song now offers no argument for failing to make such a notification. Lastly, the BIA did not err by refusing to consider any new supporting information since the BIA can no longer engage in factfinding. 8 C.F.R. § 1003.1(d)(3)(iv) (2005); 165 Fed.Reg. 54,-878, 54,905 (Aug. 26, 2002) (eliminating

BIA's powers of *de novo* review and factfinding). The BIA, therefore, did not exceed its allowable discretion in dismissing Song's appeal.

For the foregoing reasons, the petition for review is DENIED. Song's pending motion for a stay of deportation is DENIED as moot.